THE CITY OF ST. LOUIS, *Appellant*, v. GREEN.

1. **St. Louis Vehicle License Ordinance.**  Ordinance No. 10,494 of the city of St. Louis, imposing a license tax upon vehicles using the streets of the city, is valid.

2. ————: ENFORCEMENT OF, BY CRIMINAL PROSECUTION.  The city of St. Louis has power, under its charter, to impose, and by criminal prosecution, enforce penalties for violation of an ordinance exacting a license from vehicles using the streets of the city.  (*St. Louis v. Sternberg*. 69 Mo. 289.)

*Appeal from St. Louis Court of Appeals.*  The case is reported in 7 Mo. App. Rep. 468.

REVERSED.

  *Leverett Bell* for appellant.

*John G. Chandler* and *C. C. Simmons* for respondents·

NORTON, J.—This proceeding was instituted in the first district police court of St. Louis, to enforce the collection of a penalty for an alleged breach by defendants of section 1, of ordinance 10,494, in driving and causing to be driven one two-horse wagon, owned by them, over the streets of said city and for using said streets for the purposes of trade and traffic, and private purposes, without first having paid for and obtained a license so to do, as required by said ordinance. Defendants were adjudged by the police court to pay a fine of $10, from which they appealed to the circuit court, where the judgment of the police court was affirmed and defendants ordered to pay a fine of $10; from this judgment defendants appealed to the St. Louis court of appeals, where the judgment was reversed, and from this judgment plaintiff has appealed to this court.

It is insisted by defendants' counsel that the said ordinance on which the proceeding is based, is void, because :

1.   The ordinance in its terms violates the constitution of the State as to uniformity of taxation.

2.   The ordinance violates the charter by embracing in its title more than one subject, and especially by including therein the subject of creation of office with a subject of ordinary legislation.

3.   The ordinance embraces in the body thereof at least three subjects, one of which—the regulation of public and private vehicles—is not mentioned in the title ; and another—the creation of an office—is the subject of extraordinary legislation under the charter, and, therefore, not capable of being united in the same ordinance with ordinary subjects.

4.   The ordinance lays a tax upon the use of the streets, if not in terms, yet by necessary implication ; and this, although no power so to do has been conferred upon the city.

5. The ordinance, as in practice construed by the city officials, violates section 1, article 5 of the charter, which requires all property liable to State tax to pay an *ad valorem* tax for city purposes.

6. The ordinance, unless construed to exempt private venicles from general taxation, subjects mere property already taxed in the same proportion as other property to an additional tax. Whichever way it is construed the ordinance is illegal and unconstitutional.

7. The ordinance is not authorized by clause 5, section 26, article 3 of the charter when rightly construed. That clause does not authorize the taxing or licensing of private vehicles used for private purposes only, and not for hire; and if it did it would itself be void, as in conflict with the constitution and laws of the State.

The above objections are considered in the opinion of the St. Louis court of appeals, delivered by Judge Bakewell, and are fully answered, and we accept without recapitulation what is said therein in regard to the validity of the ordinance so far as it requires a license tax to be paid by the owner of such a vehicle as defendants are charged with using upon the streets of said city, as a correct exposition of the power of the city under its charter to pass an ordinance requiring the payment of a license tax.

While the above objections to the validity of said ordinance were adjudged in said opinion not to be well taken, it was further held that so much of the ordinance as authorized the conviction for a misdemeanor, and the punishment by fine of any owner or driver of an unlicensed vehicle was invalid; and upon this ground alone the judgment of the police court was reversed. This precise point was before this court in the case of the *City of St. Louis v. Sternberg*, 69 Mo. 289, and it was there held that under the charter of said city such a provision in the ordinance in question was valid, and as this case falls within the principle announced in that case, the judgment of the St. Louis

court of appeals will be reversed and that of the police court affirmed, all the judges concurring.