CITY OF ST JOSEPH v. ERNST, *Appellant.*

1. Taxation: POWER TO LICENSE. The power "to license" may imply the power to tax when such is the manifest intention.

2. ———: CITIES OF SECOND CLASS: INSURANCE COMPANIES. The general law incorporating cities of the second class (R. S., sec. 4644) expressly authorizes a city organized thereunder to tax as well as to license the carrying on of the business of insurance within its limits.

3. ———: ———: ———: DUPLICATE TAXATION. It also confers the power to collect a revenue tax both by way of such license and a tax on the net income of foreign insurance companies, and such taxation is not duplicate taxation.

City of St. Joseph v. Ernst.

*Appeal from Buchanan Criminal Court.*—Hon. Silas Woodson, Judge.

Affirmed.

*B. R. Vineyard* for appellant.

(1) The general statutes of this state (R. S., secs. 6060, 6061, 6062), making provision for the taxation of the amount of business done annually by foreign insurance companies, do not violate the constitution of the state (art. 10, sec. 4), requiring all property to be taxed in proportion to its value. The tax is not on property, but on the amount of premiums received for the privilege of doing business. *Glasgow v. Rowse,* 43 Mo. 489, 490–1; *Express Co. v. St. Joseph,* 66 Mo. 680, 681. (2) Nor do these sections violate the federal constitution (art. 4, sec. 2), securing to the citizens of each state all the privileges and immunities of citizens in the several states, in imposing a heavier burden on foreign than domestic companies. The case of *State v. North,* 27 Mo. 464, does not apply in a case of this kind. See *State v. Welton,* 55 Mo. 288. A corporation is not a "citizen" within the meaning of this clause of the national constitution. *Paul v. Virginia,* 8 Wall. 168; *Ducat v. Chicago,* 10 Wall. 410. (3) The constitution of Missouri (art. 10, secs. 3, 4) amounts to a prohibition against double or duplicate taxation. *Burke v. Badlam,* 57 Cal. 594; *Life Association v. Board,* 49 Mo. 513; *State v. Railroad,* 75 Mo. 212. (4) Municipal corporations "have no powers except such as are expressly granted in the charters, and as are auxiliary or necessary to the proper exercise of the powers conferred; and all statutes or charters creating corporations are to be strictly construed." *Ruggles v. Collier,* 43 Mo. 375; *City v. Clemens,* 43 Mo. 404; *City v. Thompson,* 19 Mo. App. 523; *Thompson v. Schermerhorn,* 6 N. Y.

92; *Saline County v. Wilson*, 61 Mo. 239; *City v. Traeger*, 25 Minn. 252; *Dunham v. Trustees*, 5 Cow. 462; 1 Dillon on Mun. Corp. [3 Ed.] sec. 89. (5) A right to impose double taxation will not be presumed. The power must be conferred by express statute, as, in the absence of such express authority, "it is a fundamental maxim in taxation that the same property shall not be subject to a double tax payable by the same party, either directly or indirectly." Cooley on Tax. [2 Ed.] 227; *City v. Traeger*, 25 Minn. 252; *State v. Collector*, 37 N. J. Law, 258; *Livingston v. Paducah*, 80 Ky. 656; *Osborn v. Railroad*, 40 Conn. 491; *Iron Co. v. Danvers*, 10 Mass. 514; *Bank v. Portsmouth*, 52 N. H. 17; *Kimball v. Milford*, 54 N. H. 406; *Bank v. Savannah*, Dudley, 130; *Baltimore v. Baltimore*, 6 Gill, 288; *Provident Inst v. Gardiner*, 4 R. I. 484. (6) And the law will be so construed, if possible, as to avoid duplicate taxation, though there may be general words in the law which would seem to imply that the subject of the tax might be taxed a second time. *Commissioners v. Bank*, 23 Minn. 280; *Bank v. Nashua*, 46 N. H. 389-98; *Smith v. Exeter*, 37 N. H. 556; *Kimball v. Milford*, 54 N. H. 406; *State v. Sterling*, 20 Md. 502; *Bank v. Rutland*, 52 Vt. 469; *Railroad v. Shacklett*, 30 Mo. 550, 560; *State v. Railroad*, 37 Mo. 265, 267-8; *Burke v. Badlam*, 57 Cal. 594; *Gordon v. Baltimore*, 5 Gill, 231; *Bank v. Mumford*, 4 R. I. 478. And the power "to license, tax, and regulate, * * * insurance companies," as provided for in plaintiff's charter as a city of the second class (R. S., sec. 4644, subdiv. 15, p. 919), must be so construed in connection with sections 6060, 6061, and 6062, both being parts of the same general statute law of the state, as to avoid duplicate taxation. (7) The statutes of Missouri (secs. 6060, 6061, 6062) provide for a uniform rule and mode for taxing the amount of business done by all insurance companies not organized under the laws of this state, for county,

municipal, and school purposes, and also (as amended by Acts 1887, p. 199) for township purposes. Having provided this mode for taxing the amount of the income of foreign insurance companies for the privilege of doing business, it became the only way of reaching the particular subject of taxation covered by those sections. *Expressio unius, exclusio est alterius.* *St. Charles v. Nolle,* 51 Mo. 124; *State v. Bittinger,* 55 Mo. 596; *Lindell v. Railroad,* 36 Mo. 543; *Cunningham v. Railroad,* 61 Mo. 33; *Railroad v. Campbell,* 62 Mo. 585; *Coates v. Acheson,* 20 Mo. App. 255; *Maguire v. Association,* 62 Mo. 346; *Mathews v. Skinker,* 62 Mo. 334; *Ex parte Snyder,* 64 Mo. 61; *Dyer v. Bannock,* 2 Mo. App. 446. (8) The taxation of the amount of the net annual premiums of foreign insurance companies, as provided for in sections 6060, 6061, and 6062 of the statutes of this state, is a tax upon the net income of such companies for the privilege of doing business. It is in no sense a tax on property. *Dubuque v. Ins. Co.,* 29 Ia. 9; *Ins. Co. v. Commonwealth,* 133 Mass. 161; *Ins. Co. v. Commonwealth,* 98 Pa. St. 49; *Glasgow v. Rowse,* 43 Mo. 489, 490–1; *Exp. Co. v. St. Joseph,* 66 Mo. 680–1. (9) "The uniform course of decisions is, that a right to license an employment does not imply the right to charge a license fee therefor with a view to revenue, unless such seems to be the manifest purpose of the power; but the authority of the corporation will be limited to such a charge for the license as will cover the necessary expenses of issuing it, and the additional labor of the offices and expenses thereby imposed. A license is issued under the police power, but the exaction of a license fee with a view to revenue would be an exercise of the power of taxation." *City v. Ins. Co.,* 47 Mo. 152–3; *Glasgow v. Rowse,* 43 Mo. 490; *Railroad v. Hoboken,* 41 N. J. Law, 71; *City v. Spiegel,* 75 Mo. 145; *Burlington v. Ins. Co.,* 31 Ia. 102; *City v. Traeger,* 25 Minn. 248; *New York v. Railroad,* 32 N. Y. 261; *In re Wan Yin,*

22 Fed. Rep. 701; *State v. Blaser*, 36 La. Ann. 363; *Fort Smith v. Ayres*, 43 Ark. 82; *Collins v. Louisville*, 2 B. Mon. 134. (10) Where the charter of a municipality or an ordinance passed pursuant thereto, provides a particular mode for the exercise of a power, it cannot be exercised in any other way. *Thompson v. City*, 61 Mo. 282; *City v. Clemens*, 43 Mo. 395. And this is especially true in its application to the exercise of the power of taxation. 2 Dillon on Mun. Corp. [3 Ed.] sec. 769; *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cargill*, 60 Mo. 316; *Dubuque v. Ins. Co.*, 29 Iowa, 9. (11) The delegation of a power to a municipal corporation is to be construed with strictness, where taxes on occupations are sought to be imposed, and "it should be done in clear and unambiguous terms," or else it will not be found to exist. *City v. Laughlin*, 49 Mo. 562; *Kip v. Patterson*, 26 N. J. Law, 298; *Dubuque v. Ins. Co.*, 29 Ia. 9; *Charleston v. Oliver*, 16 S. C. 47; *Exp. Co. v. St. Joseph*, 66 Mo. 680; *City v. Traeger*, 25 Minn. 252; *Dunham v. Trustees*, 5 Cow. 462.

*Ryan & Macdonald* for respondent.

(1) The state has full power over the subject of taxation and can delegate that power and authority to municipal corporations. *City v. Sternberg*, 69 Mo. 289; *City v. Ins. Co.*, 47 Mo. 150; *Glasgow v. Rowse*, 43 Mo. 489, 490. (2) By the provisions of section 4644, Revised Statutes of Missouri, the legislature has conferred upon respondent the authority by ordinance "to license, tax and regulate * * * insurance companies," whether such insurance companies be foreign or home organizations. (3) The word "tax" used in paragraph 15 in connection with, and in addition to, the words "license and regulate," shows a manifest intention upon the part of the state to delegate to respondent the right and authority to impose a license tax for revenue upon the

trades, businesses, and avocations named therein, and such license tax is legal and valid. *City v. Ins. Co., supra; City v. Bank,* 49 Mo. 576; *City v. Life Ass'n,* 53 Mo. 466; *Express Co. v. City,* 66 Mo. 680; *City v. Sternberg,* 4 Mo. App. 454; *City v. Green,* 7 Mo. App. 467, *et seq.; City v. Bircher,* 7 Mo. App. 170. (4) A license tax upon the occupation, avocation, or business may be levied where an *ad-valorem* tax upon the property has already been levied, and such tax is legal. Authorities *supra.* (5) Even as a charge for issuing a license this court cannot determine that fifty dollars is unreasonable, inasmuch as that is a matter vested in the discretion of the licensing power, and one over which the court will not exercise control. Authorities *supra.*

BLACK, J.—The plaintiff is a city of the second class, under the general laws of this state. By an ordinance, duly enacted, it is provided that no person or corporation shall carry on any kind of insurance business in the city, in person or by agent, without a license for such purpose. The amount required to be paid for a license for one year is fifty dollars. The same ordinance makes it unlawful for any person to act as agent for any company, not having paid the license. The offender is declared to be guilty of a misdemeanor, and upon conviction to be fined not less than one hundred dollars. The Fireman's Fund Insurance Company is a corporation duly organized under the laws of the state of California, and for many years has transacted business in the city of St. Joseph. The insurance company neglected and refused to pay the license required by the ordinance, and notwithstanding this neglect and refusal, the defendant, in November, 1887, solicited business for, and acted as the agent of, the company. For this violation of the ordinance he was fined in the recorder's court. On appeal to the criminal court, he was again fined in a like amount, and

he appealed to this court, and insists that the ordinance is void for want of authority in the city to enact it.

As the case stands here, it must be taken that the city collects the amount charged for the license for revenue purposes. The issuing of the license is, therefore, not the mere exercise of a police regulation, but the exercise of the power of taxation; and this, it is insisted, the city cannot do by way of a license tax. By the fifteenth paragraph of section 4644, Revised Statutes, 1879, the mayor and common council have power, by ordinance, "to license, tax, and regulate * * * insurance companies, insurance agents," etc. Even the words "to license" may imply the power to tax, when such is the manifest intention; but taken disconnectedly and alone they will not generally confer that authority. *City of St. Louis v. Ins. Co.*, 47 Mo. 150. But here the power to tax, as well as to license, is given in express terms; and there can be no doubt that the city may collect a tax for revenue, by way of a license, unless there is some other provision of the law which requires us to give a different construction to the words of the charter law before quoted.

Sections 6060, 6061, and 6062, Revised Statutes, concerning the taxation of insurance companies, make it the duty of every foreign insurance company, doing business in any city, to report annually to the city assessor the amount of premiums collected, deducting return premiums and cash paid for losses in the city. On the amount of such net premiums, taxes are levied for city purposes, as on other property made taxable for municipal purposes. The Fireman's Fund Insurance Company has at all times made an annual report of its net income in the city of St. Joseph, and has paid to the city the tax levied thereon. It is insisted that the power to tax given the city by the words to "license, tax," etc., should be construed as having reference to the tax which is authorized under said sections 6060,

6061, and 6062, thus leaving the power to license a police power only. But this cannot be the true construction of the law, for by another section of the law which constitutes the charter of the city, namely, section 4700, it is made the duty of the city assessor to return to the common council a list of all foreign insurance companies, with the amount of premiums received by each, as returned to him. This list evidently has reference to the returns required to be made by sections 6060, 6061, and 6062.

It is perfectly clear that the statute constituting the charter of the city gives to it the power to collect a revenue tax, both by way of a license and on the net income of foreign insurance companies. The law is too plain to be defeated by any process of construction. It could not be contended that, because the city has power to tax hotel buildings as property, that, therefore, the power "to license, tax, and regulate hotel and innkeepers" must be construed as a police regulation only ; yet such a contention would be just as reasonable as the one made in this case. It is perfectly competent for the state to collect an *ad-valorem* tax upon property used in a calling, and at the same time impose a license tax on the pursuit as a condition to the right to carry on the pursuit ; and this power may be delegated to municipal corporations. *City of St. Louis v. Green,* 7 Mo. App. 468. We cite this case to the extent that it was approved in 70 Mo. 562. See, also, Cooley on Tax. 578.

But it is again argued that the tax on the net income is not a property tax. That it is not a property tax within the meaning of the constitutional provision which requires all property to be taxed in proportion to its value, must be conceded. *Am. Un. Ex. Co. v. St. Joseph,* 66 Mo. 678 ; *Glasgow v. Rowse,* 43 Mo. 479. But this in no manner affects the right of the city to collect the two taxes, one by license, the other on the net income. Nor can they be said to be duplicate taxation.

They are different methods of taxation. The one tax is on the privilege of carrying on the business, the other on the net income derived from the business. It is just as competent for the legislature to give the city power to exercise these two methods of taxation as it is to give the city authority to collect an *ad-valorem* tax and a license tax. Both the license tax and the tax on income are uniform upon the same class of subjects. Foreign and home companies must alike pay the license tax. Home companies must pay a property tax, but because little of the property of foreign insurance companies is within the jurisdiction of the city, they are required to pay a tax on their net income. There is manifest justice in all this. The ordinance in question is valid and should be obeyed.

The judgment is affirmed. All concur.