# CITY OF SPRINGFIELD, Appellant, v. MARTIN J. HUBBEL, Respondent.

### St. Louis Court of Appeals, May 7, 1901.

1. **Insurance:** TAXATION OF FOREIGN INSURANCE COMPANIES IN CITIES OF THIRD CLASS: LICENSE TAX: ORDINANCE CONCERNING FOREIGN INSURANCE COMPANIES DOING BUSINESS IN CITIES OF THIRD CLASS: AMENDMENT AND REPEAL BY STATUTE: STATUTORY CONSTRUCTION. The purpose of the Act of 1895, being section 8043, Revised Statutes 1899, was so to amend the law, applicable to the taxation of foreign insurance companies doing business in the State, as to simplify the mode of assessing and collecting the taxes and to make a more equitable distribution of the taxes after they were collected. The rate of taxation is neither increased nor diminished by the amendment nor is there increased burden imposed upon the insurance companies

2. ———: ———: ———. The scope and intent of section 8043, Revised Statutes 1899, was simply to change the mode of assessing, collecting and apportioning the tax derived from insurance companies for state, county and municipal purposes, and not to enact a new law covering the entire field to take the place of and supersede all the state and municipal legislation on the subject, and the law as amended is not inconsistent with or repugnant to section 5857, Revised Statutes 1899; and section 5857, Revised Statutes 1899, is not in terms or by implication repealed by section 8043, Revised Statutes 1899, known as the Act of 1895.

3. ———: ———: CHARTER POWER OF CITY OF THIRD CLASS: LICENSE TAX ON FOREIGN INSURANCE COMPANIES. And no change was wrought by the amendment, in the charter power of cities of the third class to require a license tax of foreign insurance companies for the privilege of carrying on business in their corporate limits.

City of Springfield v. Hubbel.

Appeal from Greene County Criminal Court.—*Hon. J. J. Gideon,* Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

Appellant is a city of the third class. It has in force an ordinance approved December 10, 1900, requiring all foreign life, accident, casualty, plate glass, cyclone and other insurance companies having an agent or representative doing an insurance business in the city, to pay an annual license tax of $15. The respondent (a duly authorized person), within the limits of the city, acted as agent of the Greenwich Fire Insurance Company, of New York; collected premiums for it and delivered its policies to citizens of the city of Springfield. The Greenwich Fire Insurance Company was duly authorized and licensed to do business in this State by the superintendent of the insurance department but had not paid the license tax of $15 imposed by the appellant. The fourth section of the ordinance, providing for the license tax, made it a misdemeanor for any person to represent any insurance company within the city that had not paid the license tax of $15. Respondent was prosecuted to recover the penalty provided, for a violation of this section of the ordinance. It was admitted that the Greenwich Fire Insurance Company was a foreign corporation, and a premium or old line company, and that it had not paid the annual license tax of $15. On this state of facts the criminal court peremptorily instructed that the respondent was not guilty, and a judgment of acquittal was rendered in his favor. From this judgment the city of Springfield appealed.

*Arch A. Johnson* and *W. D. Tatlow* for appellant.

(1)   The city of Springfield as a city of the third class, has the charter power to levy and collect a license tax on insurance companies.   R. S. 1899, sec. 5857.   It also has the power to levy and collect a license tax on insurance agents. R. S. 1899, sec. 5857.   (2)   It was not the intention of the Legislature by the Act of 1895 (Section 8043, R. S. 1899), to repeal the charter provision giving to cities of the third class the right to collect the tax in dispute in this case.   Acts 1895, p. 198; Charter, cities fourth class, Laws 1895, p. 65.   (3) The Act of 1895, supra, deals only with the ordinary state, county and city taxes on foreign insurance companies, or rather the statutory substitute for such property tax, and the actual change made by this act, in the prior law, is in the mode for the collection thereof.   Under this act the State authorities collect the entire tax, and the local officers have nothing to do with it as they did under the old law.   The entire act, as well as the emergency clause, shows that the term "in lieu of all other taxes except as in this article otherwise provided" had reference to the ordinary state, county and city taxes, and to nothing else.   Laws 1895, Emergency Clause, p. 200.   (4) The power of the city, under its charter, unless the same was repealed by the Act of 1895, to collect a license tax on insurance companies in addition to a tax collected on the amount of business done in the city, in the nature of property tax, has been sustained by our Supreme Court in City St. Joseph v. Ernst, 95 Mo. 360.   (5)   In interpreting a statute, the change it makes in a prior law must be considered in getting at the intent.   Schawacker v. McLaughlin, 139 Mo. 333.   (6) A later statute will not repeal a former by implication unless they are irreconcilably repugnant or it appears that the legislature intended the later act to be a substitute for and to take the place of the former one.   Manker v. Faulhaber, 94 Mo.

430; Kansas City v. Smart, 128 Mo. 272; State ex rel. v. Stratton, 136 Mo. 423; State v. Walbridge, 119 Mo. 383; State ex rel. v. Slover, 134 Mo. 10.

*Vaughan & Coltrane* for respondent.

(1) Section 5857 of the present Revised Statutes, passed in 1893, and which was in force when the act approved March 20, 1895, became a law, was repealed or modified to the extent that it conflicted with this last-named and last-enacted law. Cities of the third class are by law empowered as the law now reads and as it read prior to the 1895 act, to levy and collect a license tax on "beer depots, * * insurance companies, insurance agents," etc. By the law regulating the subject of taxation of insurance companies, it is provided that all foreign premium insurance companies doing business in this State shall annually pay a tax upon the premiums received on account of all business done in this State at a rate of two per cent per annum, in lieu of all other taxes, except as in this article otherwise provided, which tax it was provided should be collected under the provisions of article 8, chapter 119. It is otherwise provided in said article, as originally enacted, "that the agent or agents of any such insurance company doing an insurance business in any city in this State having a population of more than 100,000 inhabitants in addition to the tax on premiums as above provided for, against such companies, shall also pay to the collectors of said cities, if said city shall so declare by ordinance, on or before the first day of February of each and every year, not more than the sum of $100 for the use of city which sum shall be considered in full for and in lieu of all licenses and taxes which said cities shall have the power to impose upon said agencies; and said collector shall, upon the payment being made, issue to such agent or agents

a license, in the name of the city, to do the business of such agency for one year, which license shall be renewed from year to year if demanded." (2) A license tax is one levied upon a business or occupation as a preliminary or essential to its right to carry on such employment within a jurisdiction named. and is a revenue measure. City of St. Louis v. Spiegel, 75 Mo. 145; Kansas City v. Grush, 151 Mo. 128.

BLAND, P. J.—The authority, if it exists, in the appellant to levy a license tax on a foreign insurance company is found in section 5857, Revised Statutes 1899. The court below evidently ruled that so much of said section as authorized the appellant to levy a tax on foreign insurance companies was repealed by section 8043, Revised Statutes 1899—first enacted in 1895—and the sole question in the case is, whether or not the Act of 1895 takes away the authority of cities of the third class to levy a license tax on foreign insurance companies doing business within their corporate limits. The Act of 1895 amends sections 5958, 5959, 5961, 5962, 5968, chapter 6, Revised Statutes 1889. These sections as they stood prior to their amendment provided for a tax of two percent on the annual amount received by foreign insurance companies doing business in this State, from premiums received, whether in cash, in notes or on amount of business, to be assessed by the superintendent of the insurance department. Section 5959 required that a statement of business done in the State should be made by each of such companies to the superintendent of insurance, stating the amount of premiums received. Section 5961 required all such companies to deposit with the assessor of the county or township and of the city or town in which it shall have collected premiums, a statement of the whole amount of premiums received therein, deducting therefrom the amount of cash actually paid for

losses.   Section 5963 of the act provides that the amount of premiums received shall be subject in the county, township, city or town where collected, to the levy and payment of taxes of every kind as other property for county, township, municipal and school purposes, to be paid to the respective collectors of these municipal corporations.   Section 5964 provides in effect that if less than two per cent tax has been paid to the county, township, city, town and school district, the balance shall be collected by the superintendent of the insurance department and paid to the State Treasurer.   The amendment of 1895 provides that in lieu of all these taxes, there shall be assessed by the superintendent of the insurance department two per cent on premiums, etc., received on all business done in the State which tax shall be paid into the State Treasury and that the tax when collected shall be distributed, one-half to the State and the other half to the city of St. Louis and the several counties of the State on the basis of the number of children of school age in said city and the several counties, and that on the receipt of its distributive share by any county it is made the duty of the county court to make a division and distribution of the money between the county and its incorporated cities and towns, as provided for by section 8047, Revised Statutes 1899.   The purpose of the Act of 1895 was so to amend the law applicable to the taxation of foreign insurance companies doing business in the State as to simplify the mode of assessing and collecting the taxes and to make a more equitable distribution of the taxes after they were collected.   The rate of taxation is neither increased nor diminished by the amendment, nor is there increased burden imposed upon the insurance companies; on the contrary, the burden is made less to them and the whole matter is simplified and made easier of execution. The scope, purpose and intent of the Act of 1895 was to change the mode of assessing, collecting and apportioning the tax

derived from these insurance companies for state, county and municipal purposes under the revenue laws of the State and not to enact a new law covering the entire field to take the place of and supersede all the State and municipal legislation on the subject, and the law as amended is no more inconsistent with, or repugnant to section 5857, supra, than were the sections prior to their amendment. The Act of 1895 does not, in terms, repeal section 5857, and certainly does not by implication.

In the city of St. Joseph v. Ernst, 95 Mo. 360, it was held that taxation under similar statutes was not duplicate taxation. No more can such taxation be called duplicate taxation, than can the taxation of real estate in an incorporated city be called duplicate taxation, that is, for the same year, taxed once for city purposes and again for State and county purposes. The provision for a tax of two per cent "in lieu of all other taxes," found in section 8043 as amended by the Act of 1895, has reference to and includes only taxes to be levied and collected under the State laws. It has no reference to and does not include taxes which may be levied by incorporated cities of the third class under their charter powers for purely municipal purposes. The changes effected in the law by the Act of 1895, are changes only in the mode of assessing, collecting and distributing the same per cent of taxation on identically the same income, for the identical purposes, to be distributed to identically the same public corporations as under the law before amended. No change was wrought by the amendment in the charter power of appellant to require a license tax of foreign insurance companies for the privilege of carrying on its business within its corporate limits.

The judgment is reversed and cause remanded. All concur.