CITY OF LAMAR, Respondent, v. C. B. ADAMS, Appellant.

Kansas City Court of Appeals, June 3, 1901.

1. **Cities of the Fourth Class: LICENSE TAX: REVENUE.** Taxing an occupation merely to regulate it is the exercise of a police power; if the object, however, is revenue, it must be referred to the taxing power; in this case the imposition is an occupation tax for revenue.

2. ———: ———: ———: STATUTORY CONSTRUCTION. By section 84 of the Act of April 11, 1895, cities of the fourth class have the power to tax occupations for revenue and said section is not in conflict with and is not repealed by the second section of the Act of March 20, 1895.

3. ———: ———: TAX ON INCOME: STATUTORY CONSTRUCTION. These statutes authorize an occupation tax and also a tax on the annual income, which are quite different things and are not double but different methods of taxation.

Appeal from Barton Circuit Court.—*Hon. D. P. Stratton,* Judge.

AFFIRMED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) Unless the power is given by a later act of the Legislature, cities such as Lamar have no power to levy anything in the nature of a tax against insurance companies. Sess. Acts 1895, p. 198, secs. 2, 8. (2) The same Legislature gave to cities, such as Lamar, the right to impose what is called a "license tax" on insurance companies. Sess. Acts 1895, p. 65, sec. 84. (3) It is clear that by the term "license tax" the lawmakers did not mean to grant the right to impose anything by way of tax, so far as insurance companies are concerned. (4) The doubt cast upon the right exercised by the city of Lamar, arising from the words "license tax" used in this act, taken in connection with the prohibition contained in the Act of 1895, p. 198, suffices to make ordinance number fifty of Lamar void. Municipalities can only exercise such powers of taxation as are clearly conferred upon them by legislative act. Such power can not be extended by contsruction, and the language of the act conferring the power must be strictly construed. Knox City v. Thompson, 19 Mo. App. 523, loc. cit. 525; 25 Am. and Eng. Ency. of Law, 482; City of St. Louis v. Laughlin, 49 Mo. 559. (5) Since the city of Lamar has no power to tax an insurance company, can the exaction imposed by ordinance number fifty be unheld under the power to license, which is conceded it had? It can not, because the imposition of $15 per annum is manifestly an exaction with a view to revenue, which is not permissible.

City of St. Louis v. Ins. Co., 47 Mo. 150; Knox City v. Thompson, 19 Mo. App. 523, loc. cit. 527; City of St. Joseph v. Ernst, 95 Mo. 360, loc. cit. 366; State v. Bevins, 75 Vt. 574; Cincinnati v. Bryson, 15 Ohio 625; In re Wan Yin, 22 Fed. Rep. 701; Jackson v. Newman, 59 Miss. 385.

*S. N. VanPool* and *Edwin L. Moore* for respondent.

(1)   Frankly acknowledging the marvelous generosity of insurance corporations in kindly contributing so much to the coffers of the State, and deeply sympathizing with them in their many trials and tribulations, we desire to suggest that appellant's contention that the power "to levy and collect a license tax," conferred by section 84 of the charter law of cities of the fourth class, means simply the power "to license," is a perversion of the English language, and is not sustained by reason or authority.   Appellant has cited no authority to sustain his position, and we apprehend none can be found. State v. Gibson, 111 Mo. 92. 97; St. Louis v. Weitzel, 130 Mo. 600, 619; St. Joseph v. Ernst, 95 Mo. 360; St. Louis v. Sternberg, 69 Mo. 289; St. Louis v. Green, 7 Mo. App. 468, 470, 474 et seq; s. c., 70 Mo. 562, 564; St. Louis v. Spiegel, 8 Mo. App. 478, 481; R. S. 1889, sec. 1506; City of Springfield v. Smith, 138 Mo. 645, 654.   (2)   If the two per cent tax in the Act of 1895, p. 198 of the Session Acts of 1895, is a property tax, then under a decision discussing a similar enactment of the same session of the Legislature it would seem to be unconstitutional, relieving us of the necessity of construing it with reference to section 84 of the city charter.   State ex rel. v. Stephens, 146 Mo. 662, 670, 683. (3)   If that two per cent act is in conflict with section 84 of the charter, then the former must give way, because it was approved March 20, 1895, while the charter act was approved

April 11, 1895, several weeks later. (4) Now, it is un-
necessary to cite authorities. Repeals by implication are not
favored, and two acts passed at the same session, on the same
subject-matter, must be construed together, if not repugnant;
yet if the acts be irreconcilable, the later law prevails, for it
is the last expression of the will of the lawmaking power.
Bishop on the Written Laws, secs. 154, 158; 23 Am. and Eng.
Ency. of Law, pp. 475, 476, 479, n. 5, Am. Cas.; Endlich on
the Interp. of St., sec. 188; Att'y-Gen'l v. Brown, 1 Wis. 513;
State v. Blake, 35 N. J. L. 208; Kingsland v. Palmer, 52 N.
Y. 83. (5) The tax of two per cent upon the income of for-
eign companies is either their property tax, or their tax in lieu
of their property tax, and the phrase "in lieu of all other taxes,"
means taxes of that character, that is, property taxes. But
their occupation may be taxed in addition thereto, just as a
merchant may have his goods taxed to the full constitutional
limit, which, in that sense of the word, would be "in lieu of
all other taxes," and yet may also be taxed "for the privilege
of carrying on the business." St. Joseph v. Ernst, 95 Mo.
360, 367, 368; Brookfield v. Tooey, 141 Mo. 619, 625; St.
Louis v. Green, 7 Mo. App. 468, 473; Aurora v. McGannon,
138 Mo. 38, 45; Springfield v. Smith, 138 Mo. 645, 654.

SMITH, P. J.—This cause was transferred here from
the Supreme Court. The plaintiff, a city of the fourth class,
in February, 1897, passed "an ordinance concerning the li-
censing, taxing and regulating occupations, trades and busi-
ness," by the second section of which it was provided: "No
person, company, association or corporation shall within the
city of Lamar conduct, exercise, carry on, deal in, or engage
in any occupation, profession, trade, business or avocation
hereinafter mentioned, named or described, nor deal in, sell
or keep any of the articles, things or places hereinafter named,

mentioned or described, without first taking out a city license therefor, as in this' ordinance provided. There is hereby levied a license tax, to be charged and collected as hereinafter provided, on the respective occupations, professions, trades, businesses and avocations hereinafter named, mentioned or described, and on all persons, companies, associations and corporations who shall deal in or sell any of the articles or things hereinafter mentioned, named or described, and on all persons, companies, associations and corporations hereinafter described, named or mentioned, in the respective sums and amounts, and for the term hereinafter stated to-wit: * * * * Fire insurance agents, $5 per annum; fire insurance companies, $15 per annum." * * * *

And by the twenty-first section of said ordinance it was further provided: "Any person or persons who shall, within the city of Lamar, act as agent or solicitor for any company, firm, corporation, individual or association of individuals before such company, firm, corporation, individual or association of individuals shall have been authorized and licensed by the city, as herein provided, to transact business within the city, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine in any sum not exceeding one hundred dollars."

The London & Lancashire Insurance Company of Liverpool, England, a corporation organized for the purpose of doing a fire insurance business, was at the time hereinafter mentioned duly authorized under article 4, chap. 89, Revised Statutes 1889, and the acts amendatory thereof, to carry on its business of fire insurance in this State; that during the eleven months preceding February 2, 1898, the defendant acted as the agent and solicitor of the said insurance company within the corporate limits of the plaintiff, and as such agent and solicitor did solicit fire insurance risks therein for said insur-

ance company, and did issue a policy and receive the premium therefor in behalf of said insurance company; that during the time defendant was so acting as agent and solicitor of the said insurance company it had not taken out and did not have a license from the plaintiff city to carry on and transact its insurance business therein. The defendant was prosecuted and convicted for violating the provisions of the ordinance of the plaintiff set forth at the outset. The defendant brings the case here by appeal.

The question which the defendant by his appeal has brought before us for decision is, whether the said ordinance, under which he was convicted, was enacted in excess of the power conferred on plaintiff by the provisions of its charter, and therefore void? It has been seen that the tax required by said ordinance is a license tax. The imposition of such a tax may be referable to the taxing power, the police power, or both; to the police power alone if the object is merely to regulate and the amount received merely pays the expense of enforcing the regulations, and to the taxing power alone if its main object is revenue. St. Louis v. Green, 7 Mo. App. 468; s. c., 70 Mo. 562. We are bound to know that the license fee of fifteen dollars exacted of each insurance company is far in excess of the reasonable expense of enforcement of any regulation, and hence we must conclude that the main object of the tax was revenue. And this conclusion is strengthened by reading ordinance No. 28 of plaintiff in connection with that in question, from which it will be seen that the license taxes provided by the latter are by the former required to be paid into the general revenue fund. Such license fee is nothing more nor less than an occupation tax imposed for revenue.

Adverting to section 84 of the Act of April 11, 1895, p. 65, which is plaintiff's charter, and it will be seen that cities of the fourth class are there authorized "to regulate and

to license and to levy and collect a license tax" on a great variety of occupations, privileges, trades and callings, including insurance companies. It is thus seen that by the express terms of the plaintiff's charter, the power is conferred to not only license but to tax. And under this power the plaintiff was authorized to levy and collect a tax for revenue by way of a license, unless the exercise of that authority is taken away or forbidden by some other provision of law. Collections of words to be found in other statutes similar to that employed in plaintiff's charter have been held to confer the power to tax for revenue. Springfield v. Smith, 138 Mo. 645; St. Louis v. Weitzel, 130 Mo. 600; St. Joseph v. Ernst, 95 Mo. 360; St. Louis v. Sternberg, 69 Mo. 289; St. Louis v. Green, ante; St. Louis v. Spiegel, 8 Mo. App. 478. We have no doubt that the plaintiff had the power under its charter to exact by ordinance a license tax for revenue on the privilege of carrying on the business of insurance within its limits.

But it is contended that this construction can not be upheld for the reason that by the terms of the second section of the act approved March 20, 1895, it is provided that the two per cent therein required to be paid by all foreign insurance companies on their annual premiums was to be "in lieu of all other taxes," including the license tax authorized by the said Act of April 11, 1895. It will be seen by reference to the various sections of that act that it deals with and refers exclusively to the subject of taxation on the *premiums* annually received by insurance companies not organized under the laws of this State. It provided a scheme only for taxing the annual premiums of such insurance companies. No provision is therein made in relation to taxing such companies on the occupation or privilege of carrying on their business of insurance. The manifest object which the Legislature intended to accomplish no doubt was to provide a plan for centralizing

the taxation of foreign insurance companies on the annual premiums received by them and to exempt them from the taxation theretofore imposed by counties, cities and towns.  R. S. 1889, secs. 5958, 5959, 5961, 5963, 5964.  By reference to the emergency clause of the act it will be seen that, after all, the main purpose intended by it was to withdraw from the counties, cities and towns, the power which was conferred upon them under the statute of 1899, supra, to tax foreign insurance companies on their annual premiums, or in other words to eliminate from the then existing statutes the power thereby given to the various local authorities to impose taxes on the annual premiums received by them.  And these local taxes so abolished were we think, the "other taxes" referred to in the second section of the act.  If we are correct in the foregoing conclusion, it must necessarily follow that the former act does not, by necessary implication, repeal the latter.  Repeals by implication are disfavored and are not allowed, except where the obvious and inevitable result of the later act.  The purpose of each act here is different from the other.  There can be no repeal by implication in such case.  Endlich on Interp. Stat., sec. 188; 23 Am. and Eng. Ency. of Law, 483.  The provisions of the two acts previously referred to are, as we think, entirely consistent and harmonious.  By one the Legislature says to the insurance companies that it will authorize cities of the fourth class, by ordinance, to tax them by license on the privilege of carrying on their business within the limits of such cities; and by the other it declares to such companies that it will require of them the payment of an annual tax of two per cent on the annual premiums received on the business done by them in the State.  They do not authorize double but different methods of taxation.  The exaction of a license tax for the privilege of carrying on an occupation or pursuit is quite a different thing from a tax on the annual income or

premiums received from that business. The distinction is plain. Both may be properly taxed. St. Joseph v. Ernst, supra; St. Louis v. Green, supra. We can not, therefore, agree to the contention that the power conferred by the plaintiff's charter is as to foreign insurance companies a police power only. The terms of the grant, it seems to us, are such as to confer both the power to regulate and to tax, and that the ordinance, the validity of which defendant calls in question, was within the power and must be upheld.

It results that the judgment will be affirmed. All concur.