STATE OF MISSOURI, at the relation and to the use of WILLIAM GEORGE, City Collector of the City of Dearborn, Appellant, v. M. L. DIX, Respondent.

**Kansas City Court of Appeals, November 6, 1911.**

1. TAXATION: Municipal Corporations: Remedy. Dearborn, a city of the fourth class, brought this action in a Justice Court to recover the amount of an occupation tax which was imposed by general ordinance. The only remedy provided by the ordinance for enforcing payment of the tax was by arrest and fine. *Held*, that the penal remedy given in the ordinance was adequate and therefore exclusive. •

2. ———: ———: ———. The payment and collection and the mode of collection of taxes are necessarily regulated by statute, and if the statute names a remedy which may be fairly said to be exclusive, no other can be had.

3. ———: ———: ———. Where the statute or ordinance wholly fails to provide a remedy, an implication arises that the legislative body intended that a civil suit at law would lie for the collection of the tax, but where an adequate remedy is provided, the implication must be the other way.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes*; Judge.

*Warren Rogers* and *Guy B. Park* for appellant.

*James H. Hull* for respondent.

JOHNSON, J.—Dearborn, a city of the fourth class, brought this action in a justice court to recover judgment in the amount of an occupation tax which defendant, the proprietor of a general store in that city refused to pay. A general ordinance of the city provided that "a special license or tax is hereby levied upon all business conducted within the city of Dearborn" of twelve dollars for each six months or twenty-four dollars per year and imposed on the city collector the duty of collecting such taxes in advance on the first days of January and July of each year and of paying over the proceeds to the city treasurer "as a part of the general revenue fund." The only remedy provided in the ordinance for enforcing the payment of the tax appears in the following section: "Any one attempting to do business without paying the above tax shall be arrested and upon conviction shall pay a fine of not less than ten dollars, nor more than twenty-five dollars for each offense."

The present suit is not for the enforcement of such penalty but is in the nature of an action in assumpsit to obtain a personal judgment for the delinquent tax.

The point at issue is whether the remedy provided in the ordinance is exclusive or merely cumulative. If exclusive an action for a money judgment for the delinquent tax will not lie but if cumulative the present suit was properly brought and as the facts are undisputed, the judgment should have been for the city. The circuit court held the remedy provided in the ordinance to be exclusive and rendered judgment for defendant. Plaintiff appealed.

The statutes (sections 9354 and 9355) authorizes the boards of aldermen of cities of the fourth class "to provide by ordinance for the levy and collection of all taxes, licenses, wharfage and other duties not herein enumerated and for neglect or refusal to pay the same shall fix such penalties as are now or may hereafter be authorized by law or ordinance" but contain no express provision that a license or occupation tax so levied shall constitute a debt or be enforceable by a civil action regardless of other remedies provided by ordinance. Undoubtedly the powers conferred by the statute gave authority to the board of aldermen to provide by ordinance for the collection of the tax in the manner now attempted in addition to the penal remedy mentioned in the ordinance before us, but the board did not exercise such authority and our inquiry must turn to the question of whether or not the city is right in the contention that it has a common law remedy it is seeking to enforce, to which the ordinance remedy is merely cumulative.

On its face the ordinance discloses that the main purpose of the enactment was to raise revenue for the city and, therefore, that the license fee in reality is a tax imposed by the taxing power of the municipality. [Kansas City v. Grush, 151 Mo. l. c. 134; City of Lamar v. Adams, 90 Mo. App. l. c. 40.] In the case last cited this court say: "The imposition of such a tax may be referable to the taxing power, the police power, or both; to the police power alone if the object

is merely to regulate and the amount received merely pays the expense of enforcing the regulations, and to the taxing power alone if its main object is revenue. [St. Louis v. Green, 7 Mo. App. 468, s. c., 70 Mo. 562.]'' But though a tax, the courts of this state always have drawn distinctions between a strictly occupation or license tax and an *ad valorem* property tax (State v. Alt, 123 S. W. l. c. 885; 209 Mo. 493), and statutory remedies for the collection of *ad valorem* taxes are not applicable to license taxes unless expressly made applicable in the statutes or ordinances relating to the latter class. We, therefore, dismiss as inapplicable ''general ordinance No. 24'' introduced in evidence on the ground that it relates only to the collection of *ad valorem* taxes.

Beginning with the case of City of Carondelet v. Picot, 38 Mo. 125, and ending with State ex rel. v. Trust Co., 209 Mo. l. c. 490, the courts of this state in an unbroken line of decisions have held that a tax is not a debt or in the nature of a debt but is an impost levied by government and that it is not founded on contract but operates *ininvitum*. The duties of citizenship impose an obligation on each citizen to pay his taxes. As we said in Phelps v. Brumback, 107 Mo. App. 25, ''whether taxes should be considered as an ordinary debt, or not so considered, can make no difference in the duty and obligation of the delinquent.'' But further we said ''however the payment and collection and mode of collection of taxes, are necessarily regulated by statute, and if the statute names a remedy which may be fairly said to be exclusive no other can be had.'' And a specified remedy will be held to be exclusive where no other is provided and the ordinance is entirely silent with respect of any other. [State ex rel. v. Snyder, 139 Mo. l. c. 554.] The rule in this state is that where the statute or ordinance wholly fails to provide a remedy an implication arises that the legislative body intended that a civil suit at

law would lie for the collection of the tax but where an adequate remedy is provided the implication must be the other way. That is to say that the legislative body considered the whole subject of remedy and chose that which it deemed best to the exclusion of all other possible cumulative remedies. This rule which always has been sanctioned by the Supreme Court, is thus stated in Cooley on Taxation (2 Ed.), 16: "But in general, the conclusion has been reached that when the statute undertakes to provide remedies, and those given do not embrace an action at law, a common law action for the recovery of the tax as a debt will not lie. This is the generally accepted doctrine, though there are exceptions to this general rule, for instance where right to bring suit is expressly given by statute, or where the implication of an intent to give a remedy by suit may be so strong as to be conclusive; as where the statute provides for tax, but is silent as to the method of collection." Quoted approvingly in State ex rel. Snyder, supra.

We think the penal remedy given in the ordinance was adequate and, therefore, exclusive. It follows that the court did not err in giving judgment for the defendant. Accordingly the judgment is affirmed. All concur.