CITY OF RICHMOND, Respondent, v. E. B. CREEL, Appellant.

Kansas City Court of Appeals, November 2, 1914.

1. **FOREIGN INSURANCE COMPANIES: Agents: License Tax.** It is competent for a State to collect *ad valorem* tax upon property used in a calling, and at the same time impose a license on the pursuit as a condition to the right to carry on the pursuit. This power may be delegated to a municipal corporation. Sec. 7099, R. S. 1909, was not intended to repeal Sec. 9253, nor to preclude a city from imposing a license tax upon insurance companies. The exercise of such power cannot be considered a duplicate taxation, nor will the imposition of a license tax upon the calling of the agent, in addition to taxing the company or companies represented by him, constitute duplicate taxation.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Nathan Frank, Richard A. Jones* and *James L. Farris* for appellant.

*M. M. Mulligan* for respondent.

JOHNSON, J.—Defendant was convicted in the circuit court of Ray county for the violation of an ordinance of Richmond, a city of the third class, imposing a license tax upon foreign insurance companies. The ordinance provided for an annual license tax of $5 on each insurance agent engaged in carrying on any kind of insurance business in the city and, in addition, provided an annual tax of $10 on each company doing an insurance business in the city through an agent. Defendant, who is an insurance agent in Richmond, paid the tax imposed upon him, but the Metropolitan Life Insurance Company of New York, for which he transacted business as agent, failed to comply with the ordinance and this action was begun in the police court of the city against defendant, under a section of the ordinance making it a misdemeanor for an agent to transact business for a company which failed or refused to pay the license tax.

On the trial in the circuit court defendant contended, first, that the ordinance is in violation of section 3, article 10, of the Constitution which provides that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax," and, second, that the section of the statutes authorizing cities of the third class to impose a license tax upon foreign insurance companies (sec. 9253, Rev. Stat. 1909) has been repealed by section 7099, Revised Statutes 1909, which provides, that "every insurance company . . . not organized under the laws of this State shall, as hereinafter provided, annually pay a tax upon the premiums received . . . at a rate of two per cent per annum, in lieu of all other taxes," etc.

A jury was waived and the cause was tried in the circuit court on an agreed statement of facts. Defendant was fined five dollars and afterward was allowed an appeal to the Supreme Court, on the ground

that the adjudication involved the construction of section 3, article 10, of the Constitution. The Supreme Court, for reasons stated in its reported opinion (253 Mo. 256), held that the ordinance was not violative of that section of the Constitution, and added that though the point was not made in the briefs, the construction of the revenue law is not involved in the case, following the prior decision of that court in City v. Insurance Co., 183 Mo. 1. There being no constitutional question in the case it was transferred to this court, and the only question remaining for our decision is whether or not section 9253, Revised Statutes 1909, was repealed by section 7099. That question must be decided against defendant under decisions of the Supreme Court in City v. Ernst, 95 Mo. 360, of the St. Louis Court of Appeals in City v. Hubbel, 89 Mo. App. 379, and of this court in City v. Adams, 90 Mo. App. 35, and City v. Insurance Co., 110 Mo. App. 124, which hold that it is competent for the State "to collect.an *ad valorem* tax upon property used in a calling, and at the same time impose a license tax on the pursuit as a condition to the right to carry on the pursuit; and this power may be delegated to municipal corporations" (City v. Ernst, supra), and that section 7099 was not intended to repeal section 9253, nor to preclude a city from imposing a license tax upon insurance companies. The exercise of such power cannot be considered as duplicate taxation, nor did the imposition of a license tax uon the calling of the agent, in addition to taxing the company or companies represented by him, constitute duplicate taxation.

The judgment is affirmed.

*Ellison, P. J.,* concurs; *Trimble, J.,* not sitting, having presided at the trial in the circuit court.