CITY OF KANSAS, *Appellant*, v. WHITE.

**Ordinance**: REPEAL: CONDITION. A city having power, under its charter, to pass ordinances, may likewise repeal them on such conditions as are reasonable and just. The repeal of an ordinance to suppress gaming, except as to offenses committed and forfeitures incurred previous thereto ; *Held*, valid.

*Appeal from Jackson Criminal Court.*—HON. HENRY P. WHITE,
Judge.

*Wash Adams* for appellant.

*R. W. Quarles* for respondent.

HENRY, J.—The defendant was prosecuted before the recorder of the City of Kansas for a violation of a city ordinance prohibiting the setting up and keeping of gaming tables. The verdict and judgment were against him, and he appealed to the criminal court of Jackson county, which, on his motion, dismissed the case on the ground that the ordinance upon which the information was based had been repealed after the defendant had taken his appeal to the criminal court. The ordinance for a violation of which he was prosecuted, was passed October 30th, 1871, and imposed a fine of not less than $50 for a violation thereof. It was repealed by an ordinance on the same subject passed August 4th, 1875, imposing, for a violation thereof, a penalty of not less than $25, but containing a provision that: "No offense committed, and no fine, for-- feiture or penalty incurred previous to the time when the provisions of any ordinance, parts of an ordinance or reso- lution shall be repealed, shall be affected, released or in any way discharged by such repeal, but the trial, convic- tion and punishment of all such offenses, and the recovery of such fines, forfeitures and penalties, shall be had in all respects as if such provisions had remained in force." By the charter, the city had authority to pass ordinances to suppress gaming. It, of course, had authority to repeal them when passed. Also the right to repeal them on such conditions as it might deem proper, provided such condi- tions were not in conflict with its charter or the constitu- tion or laws of the State. Here the repealing ordinance is not in conflict, but in harmony with the law of the State. It is not violative of any provision of the charter, but is a

reasonable and fair exercise of the power conferred upon the city government by the charter. The penalty was, in substance, a debt incurred to the city, which it could release, or not, at its pleasure. The court erred in dismissing the case. The right of the city to appeal the cause is questioned, but that question arose in the case of the *City of Kansas v. Clark*, 68 Mo. 588, and was determined in favor of the city. The judgment is reversed and the cause remanded. All concur.

REVERSED.