## CITY OF FARMINGTON, Respondent, v. J. B. RUTHERFORD, Appellant.

### St. Louis Court of Appeals, April 29, 1902.

1. **Insurance Agent:** LICENSE OF INSURANCE AGENT: ORDINANCE OF CITY OF FOURTH CLASS: VIOLATION OF ORDINANCE. An agent of an insurance company may violate, in two ways, the following ordinance of a city of the fourth class:

"Section 1. Every person, firm, company or association or corporation who shall in this city, in person or by agent, engage in or carry on any kind of life, fire, accident, marine or other insurance business, shall pay to the proper city authority, a license tax of five dollars per annum. Each and every agent of one or more persons, firms, companies, associations or corporations, engaged in or carrying on any kind of insurance business in this city, shall pay to the city collector a license tax of five dollars per annum.

"Section 2. It shall be unlawful for any person within the limits of the city of Farmington to act as agent or adjuster of any insurance company, firm, association or corporation which has failed, neglected, or refused to pay the license tax imposed by the preceding section of this ordinance, and any person, firm, company or companies who have failed, neglected or refused to pay the license tax as above provided shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined not less than five nor more than one hundred dollars.

"Any person in this city who shall engage in carrying on the business of the insurance agent without first obtaining license therefor, shall be deemed guilty of a misdemeanor, and

City of Farmington v. Rutherford.

upon conviction shall be fined in any sum not exceeding one hundred dollars."

*First,* by following the avocation of an insurance agent within the city without first procuring a license authorizing him to do so.

*Second,* by representing an insurance company as its agent in the transaction of any insurance business when such company has no license to do business in the city.

2. **Cities, Towns and Villages:** POWER TO TAX INSURANCE COMPANIES AND AGENTS. A city of the fourth class has power to levy and collect a license tax on insurance companies and insurance agents doing business in the city (section 5978, Revised Statutes 1899).

3. **Insurance Companies:** FEES: STATUTORY CONSTRUCTION. And the fees which section 7934, Revised Statutes, require stipulated premium insurance companies and their agents to pay the State are not exclusive of any other methods of taxation, and said section neither directly nor by implication prohibits cities of the fourth class from exacting a license tax from them for the privilege of doing business within their limits.

4. **License Tax:** DUPLICATE TAXATION. The personalty of the agent and of the insurance company not being the same, to require a license tax of each is not duplicate taxation.

Appeal from St. Francois Circuit Court.—*Hon. James D. Fox,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

The city of Farmington is a city of the fourth class. Its charter confers upon the mayor and common council power to levy and collect a license tax on insurance companies and insurance agents doing business in the city. See section 5978, Revised Statutes 1899. In the exercise of this authority the mayor and common council passed the following ordinance:

"Section 1. Every person, firm, company or association or corporation who shall in this city, in person or by agent, engage in or carry on any kind of life, fire, accident, marine,

or other insurance business, shall pay to the proper city authority, a license tax of five dollars per annum.   Each and every agent of one or more persons, firms, companies, associations or corporations, engaged in or carrying on any kind of insurance business in this city shall pay to the city collector a license tax of five dollars per annum.

"Section 2.   It shall be unlawful for any person within the limits of the city of Farmington to act as agent or adjuster of any insurance company, firm, association or corporation which has failed, neglected or refused to pay the license tax imposed by the preceding section of this ordinance, and any person, firm, company or companies who have failed, neglected or refused to pay the license tax as above provided shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined not less than five nor more than one hundred dollars.

"Any person in this city who shall engage in carrying on the business of the insurance agent without first obtaining license therefor, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding one hundred dollars.

"Section 3.   Any person, company or firm in this city who shall receipt for any money on account of, or for any contracts of insurance made by him, or any insurance company, corporation or association, or who shall receive or receipt for any money for any other person to be transmitted to any such insurance company, association or corporation, or who shall effect or place or cause to be placed any insurance or insurance risks in any insurance company, association or corporation, is hereby declared to be an insurance agent."

Appellant was prosecuted to a conviction and final judgment in the circuit court of St. Francois county for a violation of this ordinance.   The specific charge was that he had, within the city limits of the city of Farmington, acted as the agent of the Safety Fund Life Association by soliciting in-

surance and by collecting premiums on policies for said company, and that the said company had neglected and refused to pay the license tax of five dollars required by the ordinance to authorize it to do business within the city.

The evidence is that appellant had paid a license tax of five dollars required of insurance agents and had a license as such agent; that he had solicited insurance in the Safety Fund Life Association and had collected and remitted premium on its policies; that said insurance company had not paid the license tax of five dollars required by the ordinance and had no city license authorizing it to do business in the city; that it is an insurance corporation organized under article 4, Revised Statutes 1899, and is doing business on the stipulated premium plan, its home office being in the city of St. Louis.

*R. F. Walker* and *Smith & Anthony* for appellant.

(1) The defendant was authorized under section 7934, Revised Statutes 1899, to do business for the Safety Fund Life Association, a stipulated premium company, in any part of the State, without the payment of other license or fee than that required by said section, which, it is shown by the testimony, the association has paid. (2) Respondent, a city of the fourth class, assumes authority under section 5978, Revised Statutes 1899, to enact the ordinance requiring insurance companies and their agents to procure licenses before doing business within its corporate limits. (3) The power attempted to be conferred by section 5978, Revised Statutes 1899, upon cities of the fourth class to enact such an ordinance as above referred to, and apply the same to stipulated premium companies and their agents, is, it is contended by appellant, repealed by section 7934, Revised Statutes 1899, which provides for each agent of such corporation, company or association, a license of one dollar per annum to be paid but once, and which shall be in lieu of all other taxes and li-

censes on said agent and shall authorize him to represent the company in any part of the State. Section 7934, supra, was enacted subsequent to section 5978, supra; the former is irreconcilably inconsistent with the latter, is an express grant of power upon the conditions prescribed, and in effect repeals said section 5978, in so far as it may be attempted to enact ordinances under the latter applicable to stipulated premium companies and their agents. (4) The ordinance in question, as sought to be enforced by respondent, will necessarily result in double taxation. The exaction of a license fee, both from the company and the agent, for identically the same privilege, within the corporate limits of the town, can not be construed, under the circumstances, as the exercise of a police power in the regulation of a calling or vocation, but as the exaction of fees with a view to the raising of revenue, or, in other words, the exercise of the power of taxation. City of St. Louis v. Spiegel, 75 Mo. 146. While appellant admits that there is no express constitutional or statutory provision against double taxation, the law will (and should) be so construed as to avoid it, even if there are general words in a statute which would seem to imply that the subject might be taxed a second time.

*B. H. Marbury* and *G. M. Wilson* for respondent.

(1) The city of Farmington, as a city of the fourth class, has the charter power to levy and collect a license tax on insurance companies, and also on insurance agents. R. S. 1899, sec. 5978; St. Joseph v. Ernst, 95 Mo. 360; Springfield v. Hubbel, 89 Mo. App. 379; Aurora v. McGannon, 138 Mo. 38; Springfield v. Smith, 138 Mo. 645; St. Charles v. Elsner, 155 Mo. 671; Dillon's Munic. Corp. (3 Ed.), par. 750, p. 739, and par. 793, p. 789; Cooley on Taxation (3 Ed.), pp. 410-413. (2) Section 7934, Revised Statutes 1899, authorizing an agent, after paying the license fee of one

dollar, to do business and represent his company in any part of the State, does not repeal section 5978, Revised Statutes 1899, even though it is a later statute. If section 7934, supra, creates any exemption whatever, it only exempts him from further taxation by the State. A later statute will not repeal a former by implication unless they are irreconcilably repugnant or it appears that the Legislature intends the later act to be substituted for and take the place of the former one. Lexington v. Aull, 30 Mo. 480; Railroad v. Cass County, 53 Mo. 17; Manker v. Faulhaber, 94 Mo. 430; Kansas City v. Smart, 128 Mo. 272; State ex rel. v. Stratton, 136 Mo. 423; State v. Walbridge, 119 Mo. 383; State v. Slover, 134 Mo. 10. (3) The respondent has the legal right to proceed against appellant for acting as an insurance agent of The Safety Fund Life Association, even though he had paid the license tax required by the ordinance, for the reason that the said association had not paid its license tax required by said ordinance. City of St. Joseph v. Ernst, supra; City of Springfield v. Hubbel, supra.

BLAND, P. J.—I. An agent of an insurance company may violate the ordinance in two ways: first, by following the avocation of an insurance agent within the city without first procuring a license authorizing him to do so; second, by representing an insurance company as its agent in the transaction of any insurance business when such company has no license to do business in the city.

Section 7934, article 4, reads as follows:

"The fees for examining the articles of incorporation and issuing certificates of authority to do business shall be twenty-five dollars; for filing annual statement and issuing license, shall be twenty-five dollars; for each agent of such corporation, company or association, license to do business, one dollar per annum, to be paid but once, and shall be in lieu of all other taxes and license on said agent, and shall author-

ize the agent to represent the company in any part of the State."

It is contended by appellant that this section is in conflict with section 5978, supra, and being of a later date abrogates the power of the city to license and tax insurance companies and agents. There may be some doubt as to the power of cities of the fourth class to demand a license tax of the agents of this class of insurance companies. But we fail to discover anything in section 7934 in conflict with section 5978, in respect to the authority of a city of this class to require a license tax of the companies themselves. The fees which section 7934 require these companies to pay to the State are not exclusive of all other methods of taxation, and neither directly nor by implication prohibit cities of the fourth class from exacting a license tax from them for the privilege of doing business within their limits.

II. It is contended that it is duplicate taxation to require a license tax of both the company and the agent. The corporation and the agent are not the same persons. The license tax is not a tax on the business of the corporation, but is an occupation tax—a fee demanded for the privilege of doing business. The business of an insurance company is to write risks and settle losses. The business of an insurance agent is to solicit insurance and collect premiums and he is usually the agent of several companies at the same time. The personality of the agent and of the insurance company not being the same, to require a license tax of each is not duplicate taxation. City of St. Joseph v. Ernst, 95 Mo. 360. Besides, the statute (section 5978, supra) expressly authorizes it to be done.

III. Appellant contends that he should not be punished for the failure of the insurance company to pay the license tax; that the offense of the insurance company is not his and that he should not be punished for another's misdemeanor. If his premises were correct his conclusions would be unan-

City of Farmington v. Rutherford.

swerable. To reach his conclusions he has assumed a false premise. The misdemeanor of which he was convicted was not committed by the insurance company, but by the appellant. The insurance company could not lawfully do business in the city without a city license. The appellant could not lawfully act as agent of the insurance company because it had no license and his offense consists in acting as the agent of the company when it had no license. The company was guilty of a violation of the ordinance by doing business in the city without a license and the defendant was also guilty by acting as agent for it when it had no license. The company committed an offense by and through the appellant acting for it as its authorized agent, and he violated the ordinance in his own person by acting as the company's agent, and his license was no protection to him when acting as the agent of the unlicensed company. His situation may be likened unto this:

Suppose A, who has a license authorizing him to keep a dramshop, hires himself to B to keep bar in B's dramshop and sells B's intoxicating liquors at his stand or place of business, and suppose B has no license. If A should be indicted for a violation of the dramshop act by selling for B, could it be contended that his license would protect him in making unlawful sales of B's liquors? Surely not. No more does appellant's license protect him from the consequences of acting as agent of an insurance company that had no license.

The judgment is affirmed. *Goode, J.,* concurs; *Barclay, J.,* not sitting.