# W. W. KIMBALL COMPANY, Appellant, v. J. R. DEATON, Respondent.

### St. Louis Court of Appeals, May 12, 1903.

**Sale, Conditional:** CONTRACT, OR CHATTEL MORTGAGE. The purchaser of a piano, at the time of signing the contract of sale, was told by the seller's agent that the title of the instrument would remain in the seller until paid for. She testified that she relied on the agent to prepare the contract, but that he prepared a chattel mortgage instead, which he stated he thought was a conditional contract of sale. The purchaser stated that she did not read the mortgage or ask to have it read to her; that in signing it she relied on the agent's statement that its contents expressed the contract between the parties. *Held,* that such facts justified a cancellation of the mortgage for the reason that it was not the contract of the parties.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Frank Kelly* for appellant.

(1)   The finding and judgment of the court are not responsive to the issues raised by the pleading, and is not such a judgment under the pleading and evidence as a court of equity should have rendered.   The answers of the respondent setting up an equitable defense and asking for affirmative relief converted the case into one of equity.   McCollum v. Boughton, 132 Mo. 620; Wendover v. Baker, 121 Mo. 273.   (2)   To reform a deed on the ground of mistake, the burden of proof is on the party asserting mistake, and it must be mutual.   The testimony in this case shows there was no mistake on the part of the plaintiff as to kind of instrument taken.   Tesson v. Ins. Co., 40 Mo. 33; Jackson v. Ward, 88 Mo. 76; Adkins v. Tomlinson, 121 Mo. 487; Clark v. St. Louis Transit Co., 127 Mo. 255; Henderson v. Beasly, 137 Mo. 199; Fanning v. Doan, 139 Mo. 621.

*M. Arnold* for respondent.

(1)   This is a case where appellant having in fact, sold a piano to respondent on the "installment plan," now seeks to repudiate the contract and obtain a legal advantage over respondent, because the written instrument, thought by both parties at the time of the sale to be a true expression of said contract, turns out, in fact, to be an unacknowledged chattel mortgage.   Such conduct shocks the moral sense.   (2)   This court, in Albert Grocer Co. v. Grossman, said that the judgment in that case was so manifestly for the right party, that it ought to be affirmed, regardless of any errors committed in the trial.   That ruling is invoked in this case. (3)   If an instrument, as it is reduced to writing, fails to express the contract which the parties actually entered into, equity will reform it, though such failure was the result of a mistake in law.   Corrigan v. Tier-

ney, 100 Mo. 281; Buggy Co. v. Woodson, 59 Mo. App. 558.

BLAND, P. J.—This suit is in replevin to recover the possession of one Kimball piano. The facts are that on August 2, 1899, plaintiff sold to defendant, Mrs. Amanda Townes, the piano in question at an agreed price of $250. Mrs. Townes paid part of the purchase price and gave her twenty-two promissory notes for the balance, twenty-one of which were for $7 each, the other for $10. One of the seven-dollar notes fell due on the first day of every one of the succeeding twenty-one months. The ten-dollar note became due May 1, 1901. To secure the notes Mrs. Townes gave a chattel mortgage on the piano. The mortgage was not acknowledged, but her signature thereto was attested by two witnesses and the mortgage duly filed for record. Ten of the seven-dollar notes first falling due were paid, but no other payments were made. Plaintiff claimed right of possession of the piano under the chattel mortgage. When the suit was brought defendant, J. R. Deaton, was in possession of the piano as bailee for Mrs. Townes.

The answers of both defendants set up practically the same defense, to-wit, that the sale was a conditional one, it being understood by both the buyer, Mrs. Townes, and the agent of plaintiff, G. A. Garner, by whom the sale was made, that the title to the piano should remain in plaintiff until paid for and that both Mrs. Townes and the agent who made the sale understood that the instrument (the chattel mortgage) signed by Mrs. Townes so expressed the contract and that neither party understood it to be a chattel mortgage, and that the instrument was made in the form of a chattel mortgage by the mutual mistake of both parties.

In respect to the transaction, Mrs. Townes testified, in substance, as follows: That she bought the piano on the installment plan, had paid the $50 cash,

and the first ten installments; that at the time of the sale Garner gave her a paper to sign, stating it was a contract to show that the piano was to belong to the company until all the notes were paid. That it was agreed and understood between her and Garner at the time, that the title to the piano was to remain in the company until all the installments were paid, and that the chattel mortgage taken was regarded by both as expressive of such contract. That Garner did not inform her that the paper was a chattel mortgage, but did say it was simply a contract, as before stated; that she believed it to be such contract and signed it without reading it but took Garner's word for the character of the instrument and relied upon him and believed it to be a simple contract, because Garner had told her so.

G. A. Garner, the agent, testified that he told Mrs. Townes that she would be required to give a claim on the piano for the pay; that she asked about the security and that he told her the instrument stood good for the pay and was her property when she paid for it, otherwise it would be the Kimball Company's property; that he did not tell her the instrument was a mortgage; that she did not ask to read it herself and he did not read it to her and she offered no objection to signing it; that she asked him what it was and he told her it held the goods for the pay and that she must sign it, and there must be witnesses: "She asked me what it was; I told her it was security that she pay for the goods." That he knew it was a mortgage but that it was distinctly agreed between both parties that the piano was to remain the property of the Kimball Company until paid for and that the instrument of writing bound her to pay for the property; that Mrs. Townes asked if it was a chattel mortgage and he told her, "Yes, it is a chattel mortgage," but that the title to the piano was not in terms mentioned; that his understanding was and always had been that the title to a piece of property,

mortgaged for the purchase price, was not transferred from the original owner, and he left the impression on the mind of Mrs. Townes that she was not the owner of the piano and would not be until she had paid for it, and that the giving of the chattel mortgage did not have the effect to pass the title to her.

On this evidence the court, to whom the issues were submitted, found for defendants. Plaintiff appealed.

The appellant, who has failed to furnish any abstract whatever of the evidence and for whose neglect in this respect his appeal might be dismissed, and would be, but for the fact that respondent has printed a brief abstract of the evidence (sec. 863, R. S. 1899, rule 15 of this court) contends that the answer converted the case into one of equitable jurisdiction and the court's judgment is not responsive to the issues made by the pleadings; that the court should, as a prerequisite to the judgment it rendered, have set aside or reformed the chattel mortgage. Be it granted, it does not then follow that the judgment should be reversed, but that it should be corrected here, if the evidence sustains defendant's theory of the case.

The evidence shows that Mrs. Townes did not read the chattel mortgage. She did not ask Garner to read it to her. She testified, and her conduct and the evidence of Garner corroborates her testimony, that she relied upon and trusted Garner to prepare a written contract that would express the understanding of both parties, to-wit, that the sale was a conditional one, the title to remain in the Kimball Company until the piano should be paid for. The chattel mortgage, according to the evidence of both Garner and Mrs. Townes, does not express the contract as made. Mrs. Townes was ignorant of its contents when she signed it. Garner was mistaken as to its legal effect. It does not express the contract as he understood it and as he intended it should be expressed. It is, therefore, not the contract

of the parties, and for this reason should be cancelled. It is therefore considered and adjudged that the chattel mortgage be for naught held, be set aside and cancelled and that with this modification the judgment of the circuit court be affirmed. It is so ordered. *Reyburn* and *Goode, JJ.,* concur.