## THE STATE v. HEMENOVER, Appellant.

### Division Two, May 16, 1905.

1. **APPELLATE JURISDICTION: Constitutional Question: Previously Determined.** Where defendant has attacked the constitutionality of the act under whch he was convicted, the appeal is properly taken to the Supreme Court, and the fact that that court has, after the appeal has been taken, affirmed the constitutionality of the act in a previous decision, does not deprive the Supreme Court of jurisdiction of the appeal.

2. **DENSE SMOKE ACT: Manager of Corporation: Evidence.** Defendant was charged, as manager of a corporation, with a violation of "an act to prohibit the discharge into the open air of dense smoke." The treasurer of the corporation testified that defendant was the secretary, and had charge of the manufacturing and looking after the buying of goods, etc., and that he "had the title" of president. Defendant testified that he did some of the buying, looked after the manufacturing department, and was by courtesy known as the president; and the evidence further showed that he had charge of the engine room in which the dense smoke was generated, and was regarded by the other employees and officers of the company as a *de facto* president. *Held*, that the evidence was sufficient to show that defendant was a manager of the company within the meaning of the act, and that it is not necessary that the proof should show him to be the exclusive manager.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Hiram W. Moore*, Judge.

AFFIRMED.

*Stern & Haberman* for appellant.

Appellant's demurrer to the State's evidence should have been sustained, as appellant was charged in the information as the manager of a corporation and there was no such proof.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

According to the evidence the defendant was a stockholder, a director, a secretary, and had, by courtesy, the title of president; looked after the buying and had charge of the manufacturing; had control of some of the departments; helped hire the foremen; but neither he, nor any one else, had exclusive charge of the place. He had the same jurisdiction over the engine room as he had over the other departments. He exercised such supervision over the business of the company that the employees, and even the officers, of the company regarded him as the one person who managed the affairs of the concern, even if he did not consider himself its manager. "A manager is a person appointed or elected to manage the affairs of another. The term is applied to those officers of a corporation who are authorized to manage its affairs." 19 Am. and Eng. Ency. Law, 707; Gibson v. Barton, L. R. 10 Q. B. 329.

GANTT, J.—This is a prosecution by information filed by the assistant prosecuting attorney of the St. Louis Court of Criminal Correction, charging the defendant, as manager of the Banner Rubber Company, with having, on the 19th of January, 1904, in the city of St. Louis, wilfully and unlawfully suffered to be emitted and discharged from the smokestack or chimney of a certain building belonging to said Banner Rubber Company, and situated at the corner of Bittner and Kendrick streets in said city, and within the corporate limits of said city, dense smoke into the open air, in violation of "An act to prohibit the discharge into open air of dense smoke," approved March 21, 1901. The information was duly verified. The defendant was arrested, duly arraigned and pleaded not guilty.

The defendant was adjudged guilty and a fine of twenty-five dollars imposed.

The appeal was sent to this court because the defendant challenged the constitutionality of the Dense Smoke Act of 1901. Since the filing of this appeal in this court the constitutionality of the law of March 21, 1901, which makes the emission or discharge into the open air of dense smoke within the corporate limits of cities of this State which now have or may hereafter have a population of one hundred thousand inhabitants, a misdemeanor, has been affirmed in State v. Tower, 185 Mo. 79. The decision in that case as to the constitutionality of the said act is no longer controverted, but as the appeal was properly lodged in this court at the time it was taken, the jurisdiction of this court of this appeal is clear. The only point remaining for consideration is as to the action of the court in overruling the defendant's demurrer to the State's evidence. The defendant contends that as he was charged as a manager of said corporation, that there was no proof that he bore that relation to the said company, and therefore he was entitled to acquittal. By the terms of the act upon which this prosecution is bottomed it is provided that, ''The owners, lessees, occupants, managers or agents of any building, establishment or premises from which dense smoke is so emitted or discharged, shall be deemed guilty of a misdemeanor.''

On the part of the State Wm. P. Hazzard testified he was the treasurer of the said Banner Rubber Company and corporation, that he knew Mr. Hemenover, the defendant. Asked what connection Mr. Hemenover had with the company, he answered, ''He is a stockholder, a director, and the secretary of the company, and has his office in the factory at Baden, North St. Louis; he attends to the buying, and has charge of the manufacturing and looks after the buying of goods, etc.'' Asked who is the president of the company, an-

swered, "Mr. Hemenover has that title." On cross-examination he stated that no one had the exclusive charge of the place, that Mr. Hemenover has charge of some of the departments. The defendant testified in his own behalf that he was secretary of the Banner Rubber Company and in its employ, that his line of work was looking after the manufacturing department, that he had nothing to do with the office department, that he did not have exclusive jurisdiction over any part of the establishment, that he did not consider himself the manager of that establishment. He was asked what was the character of the work he did there, and answered: "Well, I help do a good many things. I do some of the buying and others do some of it, and I look after the manufacturing department." "Q. what supervision, if any, do you exercise over the engine room. A. About the same as I do over the other departments." On cross-examination he was asked: "You are the president of the factory are you not? A. A corporation has no such office. Q. Arn't you known as the president? A. By courtesy, yes, sir. Q. You knew the firemen were green? A. Well, only from my observation. I had observed their work." The foregoing was the substance of the evidence in regard to the authority of the defendant over the factory in question.

Learned counsel for the defendant in their brief state that Mr. Hazzard in his examination answered that the president was W. H. Burritt, but the record certified to this court shows that the direct question was put to Mr. Hazzard, "Who is the president?" and he answered, "Mr. Hemenover has that title;" and the defendant himself in answer to the question, "Arn't you known as the president?" answered, "By courtesy, yes, sir."

If the original bill of exceptions was incorrectly certified to this court, it was the duty of counsel to have suggested a diminution of the record and caused the

error to be corrected. We cannot take cognizance of matters *dehors* the record certified to this court. Considering, then, the evidence before us, was there or not sufficient evidence to justify the finding of the court that the defendant was a manager of said corporation within the meaning and spirit of the act? According to the defendant's own evidence, he was secretary, purchasing agent and had charge of the manufacturing department of that company. The further evidence shows that he exercised supervision over the engine room in which the dense smoke was generated. The evidence further shows that he was regarded by the other employees and officers of the company as a *de facto* president. The term "manager" is defined in 19 Am. and Eng. Ency. of Law (2 Ed.), 707, as "a person appointed or elected to manage the affairs of an other. The term is applied to those officers of a corporation who are authorized to manage its affairs."

The effort of the defendant in this case was to show that he was not the *exclusive* manager of the said plant, but it does not follow that, because other officers also manage said plant, the defendant, who was a director and secretary of the company, and who according to his own evidence had charge of the manufacturing and control of other departments except the office room, was not thereby a manager within the meaning of the act. If so, then all that the company would have to do to escape responsibility for the violation of this act would be to decline to name any one person as manager, and then all the directors and officers would be exempt, though they jointly manage the plant.

We think there was evidence from which the court was justified in finding that the defendant was the principal manager, at least, of this establishment, and that he acted as such.

The conclusion we have reached we regard as in harmony with the analogies of the law in similar cases.

An English Act of Parliament, known as the Companies Act, 1862 (25 and 26 Vict. c. 89) ss. 26, 27, made "every director and manager of the company" liable, on prosecution by information, if the company failed to present an annual report, showing the amount of capital of the company, the list of members, by whom the stock was held, etc. Defendant and appellant was secretary of the company, but was not elected as manager, no such office being provided for in the articles of association. Notwithstanding, an action was brought against him under the above cause for failing to file a report. BLACKBURN, Judge, in delivering the opinion of the court, said: "The evidence comes to no more than this, that he was permitted by the board of directors to manage the company generally, just as if he had been legally appointed by them to act as manager. I think there is evidence that the appellant took upon himself to act, and did act just as if he was such manager. The question, therefore, is, whether a person who is thus manager *de son tort*—manager in his own wrong—whether he can protect himself from the liability cast upon a manager under s. 27, by saying, 'I am not manager *de jure.*' I think he cannot. There are many instances in which a person who *de facto* exercises an office cannot defend himself by saying, when he is called upon to bear liabilities in consequence of his wrong, 'I am not rightfully in the office, there is another man who may turn me out.' An executor *de son tort* is an instance in which a man incurs all the liabilities of an executor as to third persons, and he is not permitted to say, 'I am not executor; there is another man who may take out probate.' The answer is, 'Your liability as to a third person rests upon your being executor *de son tort;* you have usurped the office and must bear the liabilities.' So, if there was disseisor in old times who turned out the rightful owner of the land and became freeholder by wrong, he could not, if he was indicted *ratione tenurae* for not repair-

ing a bridge or not cleaning a harbour, say, 'Though I am in actual possession of the property, I will prove that I am only a usurper; that the rightful heir, who is supposed to be dead, is alive, and I set up that as a defense, and say I am not a freeholder in law.' The answer would be at once, 'You are freeholder in your own wrong, and you must incur the liabilities so long as you are freeholder.' So, if a director were to set up in answer to a penalty under s. 27, that he was not a director, that he was illegally elected, the answer would be, 'You have acted as director, and were director in your own wrong.' I think there was evidence to justify the Lord Mayor in drawing the conclusion that the appellant was *de facto* manager.'' [Gibson v. Barton, L. R. 10 Q. B. 329.]

Our conclusion is that the demurrer to the evidence was properly overruled and that the conviction must stand, and it is accordingly so ordered.

*Burgess, P. J.,* absent; *Fox, J.,* concurs.