STATE OF MISSOURI, Respondent, v. EYERMANN, JR., Appellant.

St. Louis Court of Appeals, December 12, 1905.

1. SMOKE NUISANCE: Indictment: "Manager." An indictment for the violation of the law of 1901 relating to smoke nuisance (Acts of 1901, sec. 1, page 73), charging the defendant as the "manager" of certain buildings with suffering dense smoke to be emitted, etc., was sufficient without stating for whom the buildings were managed.

2. ——: "Manager:" Owner and Partner. A part owner of buildings may also be "manager" of them and subject to indictment for a violation of the Act of 1901 relating to smoke nuisance.

3. ——: ——: ——. Where, on the trial of the manager of
buildings, indicted for suffering dense smoke to be emitted from
the smokestacks on the premises, in violation of the Act of 1901,
where it was shown that the official smoke inspector had mailed
him several notices calling attention to the smoke, none of
which had ever been returned though the inspector's name
and address were on the envelopes, and that the manager had
answered some of the notices, this was sufficient evidence to
sustain the finding of the jury that the act charged was "will-
fully" done.

Appeal from St. Louis Court of Criminal Correction.—
Hon. Hiram N. Moore, Judge.

AFFIRMED.

*Rassieur, Schnurmacher & Rassieur* for appellant.

The information charges that defendant as manager
of G. Eyermann, Jr., & Brother was guilty of the of-
fense. The proof shows that he was not manager at all,
but a partner of the firm which owns the plant. He was
tried on one theory and convicted on another. There is
no proof from which willfulness on the part of the de-
fendant can be inferred. The most that can be said is,
that there was proof that the engineer on that day
failed to perform his duty, and he, therefore, violated
the law. State v. Baker, 71 Mo. 475; State v. Reiley,
75 Mo. 521; State v. McCance, 110 Mo. 398.

*J. D. Dalton* for respondent.

STATEMENT.—This is an appeal from a convic-
tion under the first section of an act approved March
25, 1901. The statute is as follows:

"The emission or discharge into the open air of
dense smoke within the corporate limits of cities of this
State which now have or may have hereafter a popula-
tion of one hundred thousand inhabitants is hereby de-
clared to be a public nuisance. The owners, lessees, oc-
cupants, managers or agents of any building, establish-
ments or premises from which dense smoke is so emitted

or discharged, shall be deemed guilty of a misdemeanor, and upon conviction thereof, in any court of competent jurisdiction, shall pay a fine of not less than twenty-five dollars, nor more than one hundred dollars. And each and every day whereon such smoke shall be emitted or discharged shall constitute a separate offense; provided, however, that in any suit or proceeding under this act, it shall be a good defense if the person charged with a violation thereof shall show to the satisfaction of the court or jury trying the facts, that there is no known practical device, appliance, means or method by application of which to his building, establishment or premises, the emission or discharge of the dense smoke complained of in that proceeding could have been prevented." .[Laws 1901, sec. 1, p. 73.]

The material portion of the indictment is as follows:

"That Gottlieb Eyermann, Jr., as manager of G. Eyermann, Jr., & Brother, in the city of St. Louis, on the 28th day of April, 1904, a city then and there having a population of one hundred thousand, said Eyermann being then and there the manager of certain buildings or premises for said G. Eyermann, Jr., & Brother, situated at No. 1216 South Grand avenue, in said city, did willfully and unlawfully suffer to be emitted and discharged from the smokestack or chimney of said premises, within the corporate limits of said city, dense smoke into the open air contrary," etc.

The evidence shows that defendant and his brother, as co-partners, owned and operated a quarry plant in the city of St. Louis; that dense smoke was emitted therefrom in large quantities on the date mentioned; that the defendant and his brother, as such partners, each had charge of certain departments of the business; that defendant spent several hours each day at and about the plant, opening and answering the mail, looking after the business, and giving the foreman such orders as were necessary when applied to in matters in-

volving discretion about the conduct of the business; that the firm had a foreman in charge at the plant looking after the work; that when any important matter came up for decision, he applied to defendant or his brother for orders, which he received and followed; that neither the defendant nor his brother was known by the title of manager; that the foreman had this title but was subject to the directions of both the members of the firm as indicated above. The defendant was proceeded against as manager of the building, establishment or premises and convicted. He appeals to this court. Other facts essential to an understanding of the case will appear in the opinion.

NORTONI, J. (after stating the facts).—1. The first point made by appellant is that the indictment is insufficient. The principal criticism directed against the indictment is that it charges defendant to be manager for G. Eyermann, Jr. & Brother without alleging whether G. Eyermann, Jr. & Brother is a partnership or a corporation. We are not impressed with this objection. The allegation is, "said Eyermann being then and there manager of certain buildings or premises for said G. Eyermann, Jr., & Brother." The clause of the statute which is pertinent, reads: "The owners, managers or agents of any building, establishment or premises from which dense smoke is so emitted," etc. It will be observed that the penalty of the statute is leveled in this instance, and by the indictment invoked against the person having general supervision of the building or premises as manager. It is wholly immaterial whether he be manager for a co-partnership, corporation or other concern. The material point is, is he manager of the "building, establishment or premises from which dense smoke," etc., is emitted? If so, the statute charges him with responsibility for having permitted the nuisance. It was certainly not necessary for the State to prove affirmatively whether the concern of which he was man-

ager was a corporation or co-partnership. It was sufficient to prove that he was manager of the "building, establishment or premises" thus emitting the dense smoke. It being unnecessary to prove this fact, it would be unnecessary to allege it in the indictment. The allegation as to whom he is manager for, was surplusage. The point with which the law is concerned is, was he manager of the building, establishment or premises emitting the smoke? The allegation is sufficient in that behalf.

2.    Appellant next insists that inasmuch as the indictment charges him with having been manager and the proof shows him to have been part owner of the plant, that this is a fatal variance and he should therefore be discharged. It is true the proof did show that he was part owner, but it was shown as well that he actively devoted his attention to the operation of the business on the ground about the work; that he spent several hours each day thereabout, receiving and opening the mail; that he and his brother had immediate supervision of the different departments; that the foreman in charge received orders from the appellant and his brother, according to which one he applied, as to the conduct of the business; that neither appellant nor his brother was known by the title of manager, yet when matters involving discretion came up for decision, the foreman applied to one or the other for directions and received the same from that source. In this state of facts, we are of opinion that there was substantial evidence tending to show that appellant was a manager of the plant within the sense of the statute even though he was part owner. Being a part owner, he could also be the manager if he was charged with duties pertaining to that office. The term "manager" is defined in 19 Amer. and Eng. Ency. Law (2 Ed.), 707, as "a person appointed or elected to manage the affairs of another. The term is applied to those officers of a corporation who are authorized to manage its affairs."

In the case of State v. Hemenover, 188 Mo. 381, 87 S. W. 482, the court said: "The effort of the defendant in this case was to show that he was not the exclusive manager of such plant, but it does not follow that, because other officers also manage said plant, the defendant, who was a director and secretary of the company, and who, according to his own evidence, had charge of the manufacturing and control of other departments except the office room, was not thereby a manager within the meaning of the act. If so, then all that the company would have to do to escape responsibility for the violation of this act, would be to decline to name any one person as manager, and then all the officers and directors would be exempt, though they jointly managed the plant." We are persuaded that the reasoning of that case ought to apply here and that there is substantial evidence tending to show that appellant was a person appointed by the partnership to manage the affairs of the plant, in part at least, and is therefore a responsible head upon whom the statute seeks to enjoin the duty of abating the nuisance, and in default thereof, subject to its penalty.

3. It is next insisted by appellant that inasmuch as he had caused to be installed the very best known device for the consumption of smoke, the fact that the same was not in use on the occasion in question, because of fault of his agent, the engineer, could not render him liable under the statute for the default of his agent in that behalf unless it was shown to be willful on the part of the appellant. It is unnecessary for the court to decide this question at this time as it is not presented by the record. It is our duty to give judgment upon the case as tried below and nothing more.

Upon an examination of the record, it appears that although the statute declaring the emission of dense smoke to be a nuisance, does not employ the word "willful," yet the prosecuting attorney saw fit to and did out of abundance of caution charge the act in this case to

have been done willfully, and the case was tried on the theory of willfulness on the part of appellant. It appears that the court instructed the jury "that the defendant . . . stands charged . . . with willfully and unlawfully suffering to be emitted," etc., and then instructed the jury that if they found that the appellant "did, willfully and unlawfully suffer to be emitted from the smokestack or chimney of said premises, dense smoke into the open air, then you will find the defendant guilty. The terms "willfully" and "unlawfully" were each properly defined in separate instructions given by the learned trial judge and the jury were further instructed that "unless you do so find, the facts to be as above set forth, you will find the defendant not guilty." Under this indictment, charging the offense to be willfully done and instructions placing the burden on the State to establish the element of willfulness as charged on the part of appellant, we find substantial and abundant evidence in the record to sustain the affirmative finding of willfulness on appellant's part in maintaining the nuisance charged. The record discloses that the smoke inspector had mailed several notices to appellant's firm recently before the commission of the act complained of, calling attention to the emission of smoke from the works in his charge, and that the nuisance continued notwithstanding such notices. True, appellant testified that the notices mentioned were not received by him. The evidence on the part of the State, however, shows that such notices were properly stamped and deposited in the mails and that they bore the smoke abatement department's name and address and were never returned to such department, also that to some of the notices defendant actually answered, thus evidencing the fact that some of them, at least, had been received by him. Thus arose a question of fact to be determined by the jury, who were the sole judges of the credibility of the witnesses and the weight and value of their testimony. The jury found the issue against

appellant and there being substantial evidence from which they could infer that appellant had received the letters mentioned, had knowledge of the existence of the nuisance and willfully permitted its continuance, this court is precluded by such finding from further inquiry thereon. There are no complaints as to the instructions given by the learned trial judge. The case seems to have been well and carefully tried. What has been said suffices to cover all the questions raised in the briefs. The judgment will therefore be affirmed. It is so ordered. All concur.