CITY OF MONETT, Appellant, v. HALL, Respondent.

St. Louis Court of Appeals, December 17, 1907.

1. CITIES: Ad Valorem and Occupation Taxes. Cities of the third class are authorized by section 5858, Revised Statutes of 1899, to provide by ordinance for the levy and collection of an ad valorem tax on the property of a merchant used in his business, and by section 5857 to provide for the levy and collection of an occupation tax on retail grocers, among others. A corporation engaged in the retail grocery business, after having paid an ad valorem tax is liable to the city of the third class in which it is doing business to pay an occupation tax where an ordinance requires it.

2. ————: ————: Manager of a Corporation. Where an ordinance in a city of the third class provided for the collection of an occupation tax upon retail merchants and imposed a penalty upon any manager of a corporation who should assist in conducting the business without first having secured a license by the payment of the occupation tax, the manager of a corporation conducting a retail business was liable to prosecution on failure to pay the occupation tax of such corporation.

3. ————: ————: Ordinance: Repeal of Ordinance Pending Prosecution for its Violation. A prosecution by a city of the third class was begun against one for the penalty provided for failure to pay an occupation tax, and while the prosecution was pending, the ordinance was repealed. This did not release the defendant from liability for the penalty where the repealing ordinance provided that such forfeitures should remain unaffected by its passage.

Appeal from Lawrence County Circuit Court.—*Hon. F. C. Johnston*, Judge.

REVERSED AND REMANDED.

*Burgess & Steele* for appellant.

(1)   The city of Monett being a city of the third class had the right to pass ordinance No. 166 in question, taxing occupations and trades in addition to the ad valorem tax provided by ordinance 165 and the Hall Grocery Company acting through its manager F. M. Hall, was as much bound to pay the tax as any person or firm engaged in dealing in groceries and provisions in the city of Monett, which tax the facts show had not been paid in conformity to section 1 of ordinance No. 166 as amended by ordinance No. 172.   R. S. 1899, sec. 5857; St. Joseph v. Ernst, 95 Mo. 360; Aurora v. McGannon, 138 Mo. 38.   (2)   The facts show that the Hall Grocery Co., on the 12th day of December, 1905, was engaged in the retail grocery business at Monett, Missouri, that no license had been issued to it under the ordinance in question and that F. M. Hall was the manager in charge of said business, therefore he was liable to the penalty provided by the ordinance and the court should have given instruction No. 2 asked by plaintiff and refused by the court.   Springfield v. Smith, 138 Mo. 645; Springfield v. Hubble, 89 Mo. App. 379; Troy v. Harris, 102 Mo. App. 51; Farmington v. Rutherford, 94 Mo. App. 328. (3)   There is nothing in the point attempted to be made in this case by respondent that the prosecution should fail by reason of the passing ordinance 198 repealing ordinance 166.   Subsequent to the institution of the case as the rights of the city accrued at the time of the passage of ordinance 198 are by section 20 of the last named ordinance saved to the city and do not abate by reason of the passage of the ordinance.   Kansas City v. Clark, 68 Mo. 588; Kansas City v. White, 69 Mo. 26.

NORTONI, J.—The city of Monett prosecutes the defendant on a charge of acting as manager of a private corporation engaged in the retail grocery trade without having paid an occupation tax and procured a license as a retail grocer. A trial was had before the court without a jury. The court found the issues for the defendant and the city appeals.

The material facts are: plaintiff is a city of the third class, organized and existing under the provisions of the general law which constitute its charter. It had duly provided two separate ordinances, one enactment levying an ad valorem or merchant's tax, and the other levying an occupation tax on, among other things, the business of retail grocers. The latter ordinance, No. 166, as amended by ordinance No. 172, forbids any person, firm, partnership or corporation, from carrying on or conducting the business of a retail grocer in that city without first paying an occupation tax therein levied against retail grocers and obtaining a license as such. Section 14 of the ordinance, as amended, provides a penalty for each violation of its terms, and among other things, provides and levels a penalty specifically against the act of "any manager" of a corporation who shall, as such manager, assist in conducting the business of the corporation without first having procured such license.

The Hall Grocery Company is a corporation doing a general retail grocery business in that city and the defendant is its manager. The said grocery company paid its ad valorem or merchant's tax but failed to pay the occupation tax and procure a license evidencing its payment. It conducted its said business under the management of the defendant without such license. Both it and the defendant, its manager, refused to pay the tax. At the request of the parties, the court made a special finding of facts, substantially as above set out and an-

nounced as a conclusion of law thereon that the plaintiff was not entitled to recover.

The court refused to instruct the jury it was competent for the city to enact and enforce both the ordinance levying an ad valorem tax and an occupation tax, and that if the Hall Grocery Company was engaged in the retail grocery business in that city without having paid the occupation tax and the defendant was, at the time, its manager, the defendant was liable to pay the penalty levelled against the "manager," under the ordinance. The refusal of this instruction was error beyond question. The statutes (sec. 5858, R. S. 1899) expressly authorized cities of the third class to levy and require merchants to pay an ad valorem or merchant's tax as provided in the ordinance. Section 5857, Revised Statutes 1899, also expressly authorizes cities of the third class to provide by ordinance for and levy and collect a license tax on the occupation of retail grocers, among others. It has been frequently adjudged to be perfectly competent for the State to collect an ad valorem tax on property used in a calling and at the same time to impose a license tax on the pursuit as a condition to the right to carry it on, and this power may be delegated to municipal corporations, as was done by the Statutes above referred to. [City of Springfield v. Smith, 138 Mo. 645, 40 S. W. 757; City of Aurora v. McGannon, 138 Mo. 38, 39 S. W. 469; City of St. Joe v. Ernst, 95 Mo. 360, 8 S. W. 558; City of Troy v. Harris, 102 Mo. App. 50, 76 S. W. 662; City of Farmington v. Rutherford, 94 Mo. App. 328, 68 S. W. 83.] The ordinance being valid, it was the duty of the Hall Grocery Company to pay the occupation tax and to procure a license for the protection of its manager and other employees who came within its express provisions. If the defendant manager persisted in conducting or assisting the corporation to conduct its business without having paid the tax, he is liable to the penalty provided in the ordinance. Especially

is this true in view of the fact that the act of the manager of the company under such circumstances is expressly mentioned and denounced by the ordinance. [City of Springfield v. Smith, 138 Mo. 645; City of Springfield v. Hubbel, 89 Mo. App. 379; City of Troy v. Harris, 102 Mo. App. 51; City of St. Joe v. Ernst, 95 Mo. 360; City of Farmington v. Rutherford, 94 Mo. App. 328.] There may be doubt, and much may be said with respect to the propriety of inflicting the penalties of an ordinance upon the manager or other agent in those cases where the act of the principal alone is denounced and the manager or agent is not expressly mentioned and brought within the terms of the ordinance, as was the case of City of Troy v. Harris, 102 Mo. App. 51. Be this as it may, there is no longer doubt with respect to this question when the penal statute or ordinance, by express words, refers to and includes the manager or other agent within its provisions and declares him liable to its penalty for violation, as in this case. Under such circumstances, the provisions of penal statutes and ordinances are daily enforced by the courts without question, as will appear in the following cases: State v. Hemenover, 188 Mo. 381, 87 S. W. 482; State v. Eyerman, 115 Mo. App. 660, 90 S. W. 1168.

2. It appears that after this prosecution was instituted, and while it was pending in the courts, the ordinance involved was repealed and another enacted in lieu thereof. It is suggested that this repeal abated the present action. Now this cannot be true, in view of the provision of section 20 of the new or repealing ordinance referred to. In section 20 of that ordinance it is provided that all actions, prosecutions, causes, fines and penalties and forfeitures "now pending or hereinbefore accrued to the city, shall remain unaffected by this ordinance and may be prosecuted, recovered and received as fully in every respect as if this ordinance had not been passed." The penalty sued for in this case is a debt, if

recoverable at all, owing to the city which it could release or not at its pleasure. Therefore, in view of the ordinance last quoted, declaring its purpose not to release the alleged debt, there is no abatement thereof. The action is wholly unaffected by the new or repealing ordinance and should proceed as though the ordinance under which it was instituted had not been repealed. [City of Kansas v. White, 69 Mo. 26; City of Kansas v. Clark, 68 Mo. 588.]

The judgment will be reversed and the cause remanded to be proceeded with in accord with the views herein expressed. It is so ordered. All concur.